IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTERNA TIMEPEACE,<br>TONYA BROWN, | )<br>)<br>) |
|         Plaintiffs, | )<br>)<br>) |
|         v. | )  Civil Action No. 24-100<br>) |
| COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, | )<br>)<br>) |
|         Defendant. | )<br>) |

O R D E R

AND NOW, this 25th day of March, 2025, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. Nos. 15 and 16) filed in the above-captioned matter, and in further consideration of Defendant's Motion for Summary Judgment (Doc. No. 21), as well as Plaintiff's Reply to Defendant's Motion for Summary Judgment (Doc. No. 24),

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is DENIED and that Defendant's Motion for Summary Judgment is GRANTED.

**I.    Background**

Plaintiff, Alterna Timepeace (at the time known as Tiera Lee Brown), was awarded child insurance benefits pursuant to 42 U.S.C. § 402(d) and 20 C.F.R. § 404.350, effective May 20, 2015. A continuing disability review was initiated on June 16, 2018, and on July 17, 2018, Plaintiff was notified that her disability benefits had ceased, at least in part due to

her lack of cooperation in connection with the review.  (R. 78, 82-84).  Plaintiff requested reconsideration and asked that her benefits be continued.

On June 12, 2019, the Social Security Administration ("SSA") mailed written notice that Plaintiff's request had been processed and that a hearing would be held before a disability hearing officer on July10, 2019.  (R. 205-10).  No hearing was held on that date, and, on August 20, 2019, the SSA mailed notice that a hearing was now scheduled before a disability hearing officer on September 17, 2019.  (R. 216-21).  After Plaintiff failed to appear at this hearing, the disability hearing officer issued a decision finding that Plaintiff was no longer disabled.  In so finding, he noted that Plaintiff had not shown good cause for failing to appear and that there was no evidence in the file and that, therefore, the current evidence was insufficient to determine whether there had been medical improvement and whether Plaintiff still met the requirements for disability.  (R. 87-94).  Notice of the discontinuation of benefits was mailed to Plaintiff (still known as Tiera Lee Brown) on October 16, 2019 (R. 95-96).  On November 25, 2019, Plaintiff submitted an Appointment of Representation form appointing her mother, Tonya Brown, as her non-attorney representative, and on December 17, 2019, submitted a request for a hearing before an Administrative Law Judge ("ALJ") indicating that she had not been able to attend the previous hearing due to her disability.  (R. 97, 98).

A Notice of Hearing dated March 26, 2021 was mailed to both Plaintiff and her representative by the SSA indicating that the hearing before the ALJ was scheduled for June 15, 2021, and a reminder was mailed on May 18, 2021.  (R. 131-48, 150-54).  On June 4, 2021, Plaintiff's representative requested a new hearing date, indicating that Plaintiff did not want a hearing by telephone and that she was in the process of finding an attorney, and this request was granted.  (R. 156).  After trying and failing to reach Plaintiff by telephone, the SSA mailed a new

Notice of Hearing to Plaintiff and to her representative on July 1, 2022, indicating that the date for the in-person hearing would be September 19, 2022. (R. 226, 160-91). A reminder was sent to the same addresses on August 22, 2022. (R. 193-99). The copy mailed to Plaintiff's representative was returned to sender by the United States Postal Service as undelivered, but the copy mailed to Plaintiff was not. (R. 228-32). On September 12, 2022, Plaintiff's representative requested a postponement of the hearing because of Plaintiff's illness and need for treatment and counseling and requested that an online video hearing be scheduled. (R. 227). Accordingly, the September 19 hearing was continued.

Afterward, in November of 2022, Plaintiff changed her name from Tiera Lee Brown to Alterna Timepeace. (Doc. No. 16, Ex. A). Subsequently, on February 9, 2023, the SSA mailed to Plaintiff (under the name Tiera Lee Brown) and to her representative another Notice of Hearing, advising that a video hearing would be held on May 1, 2023. The Notice stated that the ALJ may dismiss Plaintiff's request for a hearing if Plaintiff did not attend the hearing and the ALJ found that she did not have a good reason for doing so. It also requested that Plaintiff return the enclosed acknowledgement of receipt form at the earliest possible opportunity. (R. 237-55). When no acknowledgement of receipt form was received, the SSA, on April 3, 2023, sent a "Notice of Hearing-Important Reminder" to the same addresses indicating that it had not received the form and instructing Plaintiff to call the listed number to discuss whether she planned to come to the hearing and, if not, why. The reminder further stated that if Plaintiff failed to appear at the hearing without a good reason, the ALJ would dismiss her request for a hearing without further notice. (R. 257-60). Again, the copy mailed to Plaintiff's representative was returned as undelivered, but the copy mailed to Plaintiff was not. (R. 263-68).

In any event, Plaintiff's representative contacted the SSA Hearing Officer on April 25, 2023, seeking another postponement of the hearing because Plaintiff would not be available on May 1 due to illness and the need for an evaluation, which the Hearing Officer advised would be at the discretion of the ALJ. (R. 361). Two days later, the Hearing Officer called Plaintiff's representative and left a message that her request for postponement had been denied and that attendance at the May 1 hearing was required or the case would be dismissed. The message also included a call back number. (R. 362).

On May 1, 2023, the hearing commenced as scheduled via video. (R. 54, 270). When neither Plaintiff nor her representative joined the video hearing, the Hearing Officer called Plaintiff's representative. When she did not answer, a message was left advising her to call back as soon as possible regarding the hearing. (R. 378). That same day, May 1, 2023, the ALJ mailed – again to the same names and addresses – a letter instructing Plaintiff to return the enclosed Request to Show Cause for Failure to Appear within 10 days of the date of the letter. It further provided that the reason the request for postponement was denied was that the exact same reason had been given for postponing the prior hearing and that no supporting documentation had been submitted in support of either request. Accordingly, Plaintiff was advised: "In addition to the completed form, medical documentation will need to be included to support just cause." (R. 273-74). Again, the copy sent to Plaintiff's representative was returned as undelivered but the one sent to Plaintiff was not. (R. 276-81).

Plaintiff's representative responded via a letter dated May 2, 2023, informing the ALJ that Plaintiff had changed her name from Tiera Brown to Alterna Timepeace, and that no notices had been sent using Plaintiff's new name. She also stated that Plaintiff had been diagnosed with schizophrenia on January 1, 2022, and that records of her treatment should be

4

included in the new hearing. No reason was given for her and Plaintiff's failure to be present at the May 1 hearing, and no documentation was provided to support that Plaintiff was too ill to attend that hearing. (R. 379). On June 9. 2023, the ALJ dismissed Plaintiff's request for a hearing pursuant to 20 C.F.R. § 404.957 for failure to appear. She explained that Plaintiff had not provided documentation supporting her claim of illness as requested, aside from a one-page document from over a year earlier, and that Plaintiff had provided no reason for her and her representative's failure to appear. As such, she dismissed the request for hearing and advised that the October 16, 2019 decision that Plaintiff was no longer disabled would remain in effect. (R. 51-56). The Appeals Council declined to review (R. 6-8), and Plaintiff and her representative brought this action appealing the ALJ's decision.[1]

## II.     Discussion

The right to a hearing in which witnesses may testify and evidence may be received is an important part of the Social Security Act. *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995); 42 U.S.C. § 405(b)(1). The SSA itself has stated that "experience shows that a disability issue may best be resolved on the basis of detailed testimony as to the individual's activities, background, experience, etc., presented at the hearing." S.S.R. 79-19, 1979 WL 15541, at *2 (S.S.A.1979). Nonetheless, an ALJ may dismiss a claim when neither the claimant nor the claimant's representative appears at a hearing after receiving notice of the hearing absent a showing of good cause. *See* 20 C.F.R. § 404.957(b). In determining whether good cause has been shown, an ALJ must consider the claimant's physical, mental, educational, and linguistic limitations. *See id. at* § 404.957(b)(2). The standard of review is abuse of discretion as to the

---

[1] By separate order (Doc. No. 31), the Court dismissed Plaintiff's representative, Tonya Brown, as a party to this action. Regardless, even had she remained a plaintiff in this case, her request for relief would be denied for the same reasons as set forth herein.

ALJ's overall conclusion, and "substantial evidence" "as to any fact" in support thereof. *Smith v. Berryhill*, 587 U.S. 471, 487 n.19 (2019) (citing § 405(g)).

The Court finds that the ALJ's decision to dismiss Plaintiff's case for her and her representative's failure to appear satisfies this standard. There is no relevant dispute as to the facts here: notice was sent on February 9, 2023 as to the May 1, 2023 hearing,[2] Plaintiff's representative requested a postponement, this request was denied, and neither Plaintiff nor her representative appeared at the hearing. A notice to show good cause was sent to which Plaintiff responded. There is likewise no disagreement as to the fact that the hearing had been postponed twice previously or that Plaintiff legally changed her name during the pendency of the administrative proceedings in November of 2022. Accordingly, the real issue is whether, under these facts, the ALJ abused her discretion in dismissing Plaintiff's request for a hearing, thereby allowing the earlier order ending Plaintiff's benefits to remain in effect.[3] The Court finds that she did not.

Plaintiff argues that notice of the May 1, 2023 hearing was sent under her previous name, Tiera Lee Brown, even though she had changed her name the prior November and that the SSA had been notified of this in January of 2023. She therefore contends that she

---

[2]    The Court does note that, on several occasions, notice of proceedings sent to Plaintiff's representative was returned as undelivered, including notice pertaining to the May 1 hearing. However, there is no evidence that this happened in regard to the notice sent to Plaintiff herself. Regardless, Plaintiff and/or her representative responded to each notice, demonstrating that the notice had, in fact, been received.

[3]    Plaintiff asserts that she did not receive notice of the September 17, 2019 hearing at which the cessation of her benefits was affirmed. (Doc. No. 15, p. 2). However, the record is clear that notice had, in fact, been sent (R. 216-21), and regardless, it is ***not*** Plaintiff's failure to appear at that hearing that is at issue here, but rather her failure to appear at the May 1 hearing. Indeed, Plaintiff has already been provided numerous avenues to remedy her failure to appear at the 2019 hearing. Similarly, the numerous family emergencies that occurred in 2018 through 2020 to which Plaintiff cites (Doc. No. 15, p. 3) are not relevant to her failure to appear at the 2023 hearing.

did not receive sufficient notice of the hearing because notice was required to be given in her "proper and legal name" (Doc. No. 15, p. 2), citing HALLEX 1-2-3-15.D. However, HALLEX, a manual containing SSA policy and operating instructions, does not have the force of law and therefore does not mandate remand. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 71 n.2 (3d Cir. 1996); *Bordes v. Comm'r of Soc. Sec.*, 235 Fed. Appx. 853, 859 (3d Cir. 2007). Moreover, HALLEX 1-2-3-15.D provides that notice of a hearing must contain "[t]he claimant's proper name," not necessarily his or her legal name. The name used by the SSA in sending notice of the May 1 hearing was the one under which Plaintiff had applied for and received benefits and which had been used throughout the pendency of the administrative proceedings. Accordingly, the name used – Tiera Lee Brown – was a "proper" name to be included in the notice.

Regardless, no matter the name on the notice, Plaintiff *did* have actual notice of the hearing, as evidenced by her representative's request to postpone the hearing on April 25, 2023. (R. 361). Given that what occurred was, at best, a technical inconsistency with non-binding guidelines, the fact that Plaintiff clearly had actual notice of the hearing provided the ALJ with ample basis for finding that she lacked good cause for failing to appear. As she explained, the hearing had already been postponed several times at Plaintiff's request, and Plaintiff provided no supporting documentation nor even a specific reason for her absence from the hearing. Accordingly, the Court finds that the ALJ acted within her discretion in dismissing Plaintiff's request for a hearing.[4]

s/Mark R. Hornak<br>
United States District Judge

---

[4] Although Plaintiff also argues that notice was not sent 75 days prior to the hearing, as required by HALLEX 1-2-3-15.A, the record is clear that notice of the May 1 hearing was sent on February 9, well over 75 days prior to the scheduled hearing. (R. 235-37). Indeed, the issue is not whether the notice was timely, but whether it constituted sufficient notice of the hearing.

ecf:   Counsel of record

cc:   Alterna Timepeace
     Tonya Brown
     540 Burton Drive
     Pittsburgh, PA 15235